Dr. Robert W. Smalling, O.D., President Arkansas State Board of Optometry 119 North Main Street Warren, Arkansas 71671
Dear Dr. Smalling:
This is in response to your request for an opinion on the receipt of a stipend under A.C.A. § 25-16-906 by the secretary/treasurer of the Arkansas State Board of Optometry. You note that Dr. Howard F. Flippin is a member of the State Board of Optometry and that he is also paid the amount of $581 a month to serve as the secretary/treasurer of the Board. You also note that "[o]bviously, this is not a full time position" and that Dr. Flippin "receives no benefits for serving as secretary/treasurer." Your question is whether Dr. Flippin is a "state employee" and subject to the provisions of A.C.A. § 25-16-906.
The relevant subchapter (A.C.A. §§ 25-16-901 to -906), sets out various levels of stipends for the attendance of meetings on the part of most board and commission members. Section 25-16-904(10) sets the amount for members of the Board of Optometry at $75.00 per meeting. The statute which gives rise to your question, A.C.A. § 25-16-906, provides in pertinent part as follows:
(a) No state employee shall receive any stipend under this subchapter.
 (b) Those persons who are paid a salary for serving as a member of a state board shall continue to receive such salary and shall receive no stipend under this subchapter.
You note that Dr. Flippin receives the sum of $581 per month for his service as secretary/treasurer of the Board. I assume that this reference is derived from Act 36 of 1997 (the appropriation act for the State Board of Optometry), which lists a salary of $6,882 and $7074 for the secretary/treasurer for the 1997-98 and 1998-99 fiscal years, respectively.[1] I further assume that your reference to the fact that Dr. Flippin does not receive any "benefits" for serving as secretary/treasurer indicates that he does not receive the usual retirement, health insurance, or other benefits normally accorded to "state employees." It is my opinion, nonetheless, that Dr. Flippin's service is subject to the provisions of A.C.A. § 25-16-906. While subsection (a) of that statute prohibits the receipt of the stipend by "state employees," subsection (b) also makes clear that any person paid a "salary" for serving as a member of a state board "shall receive no stipend under this subchapter."
While it may be debated whether Dr. Flippin is a "state employee" for purposes of subsection (a), he clearly receives a "salary" for his service on the Board for purposes of subsection (b). See Acts 1997, No. 36, Section 1 (referring to the "Maximum Annual Salary Rate" for the secretary/treasurer for the different fiscal years). In my opinion, therefore, he is not to receive any stipend under A.C.A. §§ 25-16-901 to -906.
In my opinion nothing in A.C.A. § 17-90-202 changes this result. That statute is located in the subchapter specifically relating to the Board of Optometry. Act 250 of 1997 amended subsection (a) and (b) of this statute to read as follows:
 (a) Board members may receive expense reimbursement and stipends in accordance with § 25-16-901 et seq.
 (b) Expense reimbursement and stipends in accordance with § 25-16-901
et seq. shall be paid from the fees collected by the board.
This provision merely authorizes the receipt of stipends "in accordance with § 25-16-901 et seq." One of the provisions of that subchapter (§25-16-906(b)) prohibits the receipt of stipends by board members who receive a salary. The receipt of a stipend by such a member would therefore not be "in accordance with § 25-16-901 et seq." The 1997 Act (250) also, however, left unamended the provisions of subsection (c) of17-90-202, which continues to provide that: "The secretary of the board shall receive such additional salary as may be fixed by the board." It might be argued that the continued reference in subsection (c) to the "additional" salary of the secretary/treasurer supersedes the prohibition in § 25-16-906(b). In my opinion, however, this argument would fail. The whole purpose of Act 250 of 1997, which amended § 17-90-202, was to conform such provisions to A.C.A. § 25-16-901 et seq. See
Acts 1997, No. 250 (Title). In my opinion this purpose would not be given effect if subsection (c), a provision which was merely retained and left unamended by Act 250, were construed as creating a special exception to A.C.A. § 25-16-906(b).
It is therefore my opinion that Dr. Flippin is not eligible under the law to receive the $75 dollar per meeting stipend.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] I assume the $581 figure is an average salary over the current biennium. The previous appropriation act, Acts 1995, No. 62, § 1, set the salary at $6,368 for the 1995-96 fiscal year and $6,527 for the 1996-97 fiscal year.